IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01456–EWN–CBS

STEVE MURRAY,

      Plaintiff,

v.

CARS COLLISION CENTER OF COLORADO, LLC,
an Illinois limited liability company,

      Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

      This is an employment discrimination case. Plaintiff Steve Murray asserts that his former employer, Defendant Cars Collision Center of Colorado, LLC, discriminated against him by maintaining a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (2006), and 42 U.S.C. § 1981 (2006) ("section 1981"). This matter is before the court on various post-trial motions: (1) "Defendant's Motion to Extend Stay Under Rule 62(b)," filed May 5, 2006; (2) "Defendant's Motion for New Trial, or in the Alternative, Motion to Alter or Amend Judgment," filed May 5, 2006; (3) "Defendant's Renewed Motion for Judgment as a Matter of Law," filed May 5, 2006; (4) "Plaintiff's Motion to Amend

-1-

Judgment to Include Prejudgment and Postjudgment Interest," filed May 10, 2006; (5) "Plaintiff's

Application for Attorneys' Fees and Expenses," filed June 1, 2006; (6) "Defendant's Motion for

Relief from Judgment," filed October 3, 2006; and (7) Plaintiff's "Unopposed Motion to

Supplement Plaintiff's Response to Defendant's Motion for Relief from Judgment and

Supplemental Brief," filed January 4, 2007.   Jurisdiction is premised upon the existence of a

federal question, pursuant to 28 U.S.C. § 1331 (2006).

## FACTS

### 1.    *Factual Background*

The facts of this case are set forth in detail in the court's February 23, 2006 Order and

Memorandum of Decision granting Defendant's motion for partial summary judgment.  (Order

and Mem. of Decision [filed Feb. 23, 2006] [hereinafter "Order"].)  Familiarity therewith is thus

assumed.

### 2.    *Procedural History*

On July 15, 2004, Plaintiff filed a complaint in this court, alleging three claims for relief:

(1) racial discrimination under Title VII and section 1981 in the form of Defendant's maintenance

of a hostile work environment, demotion of Plaintiff, complaints about Plaintiff's work

performance, and termination of Plaintiff's employment; (2) retaliation under Title VII and section

1981 in the form of Defendant's demotion of Plaintiff, complaints about Plaintiff's work

performance, and termination of Plaintiff's employment; and (3) breach of implied contract or

promissory estoppel in the form of Defendant's termination of Plaintiff's employment.  (Compl.

[filed July 15, 2004].)

On March 15, 2005, Defendant moved for summary judgment on all of Plaintiff's claims

except for the hostile work environment claim.  (Def.'s Mot. for Partial Summ. J. [filed Mar. 15,

2005].)  On April 8, 2005, Plaintiff filed a motion for sanctions for spoliation of evidence, in

which he alleged Defendant improperly failed to preserve Plaintiff's time cards.  (Mot. for

Sanctions for Spoliation of Evid. [filed Apr. 8, 2005].)  On November 21, 2005, this court

granted Plaintiff's sanctions motion in part and ordered that Plaintiff receive: (1) a beneficial

presumption concerning the time cards in connection with the motion for summary judgment and

any subsequent trial; and (2) attorneys' fees and costs incurred in litigating the spoliation issue.

(Order Accepting Magistrate Judge's Recommendation [filed Nov. 21, 2005].)  On February 23,

2006, this court granted Defendant's motion for partial summary judgment.  (Order.)

Plaintiff tried his hostile work environment claim to a jury.  As this court has previously

recognized, credibility was a central issue at trial because the parties presented contradictory

stories regarding the events that took place.  (*See* Supplemental Br. in Supp. of Def.'s Mot. for

Relief from J., Ex. 3 at 9 [Rep.'s Tr. 10/5/2006 Status Conference] [filed Oct. 20, 2006]

[hereinafter "Def.'s 1st Supplement"].)  Plaintiff prevailed.  On April 20, 2006, following a four-

day trial, the jury awarded him $250,000 in compensatory damages and $1,500,000 in punitive

damages.  (Final J. at 1–2 [filed Apr. 27, 2006].)

On May 5, 2006, Defendant cut its first swath of post-trial filings.  On that date,

Defendant filed a motion for a new trial or, alternatively, to alter or amend judgment, in which it

argued that: (1) a new trial was warranted because the jury's verdict was a result of "passion,

prejudice, or bias," and "the entire trial was poisoned by improper evidence" concerning acts

allegedly committed by Plaintiff's supervisor; or, alternatively, (2) an amended judgment reducing

the damages award was warranted because the amount awarded was excessive and not supported

by the evidence in the case.  (Def.'s Mot. for New Trial, or in the Alternative, Mot. to Alter or

Amend J. [filed May 5, 2006].)  On May 25, 2006, Plaintiff responded to Defendant's motion.

(Pl.'s Resp. to Def.'s Mot. for New Trial, or in the Alternative, Mot. to Alter or Amend J. [filed

May 25, 2006].)  On June 12, 2006, Defendant filed a reply in support of its motion.  (Reply in

Supp. of Def.'s Mot. for New Trial, or in the Alternative, Mot. to Alter or Amend J. [filed June

12, 2006].)

    Additionally, on May 5, 2006, Defendant filed a renewed motion for judgment as a matter

of law, arguing that Plaintiff presented insufficient and impermissibly contradictory evidence at

trial to support of his claims.  (Def.'s Renewed Mot. for J. as a Matter of Law [filed May 5,

2006].)  On June 7, 2006, Plaintiff responded to the motion.  (Pl.'s Resp. to Def.'s Renewed Mot.

for J. as a Matter of Law [filed June 7, 2006].)  On June 22, 2006, Defendant filed a reply brief in

support of its motion.  (Reply in Supp. of Renewed Mot. for J. as a Matter of Law [filed June 22,

2006].)

    Finally, on May 5, 2006, Defendant filed a motion to extend the automatic stay of

execution of judgment while its above-described post-trial motions lay pending before this court.

(Def.'s Mot. to Extend Stay under Rule 62[b] [filed May 5, 2006].)  Plaintiff did not respond to

the motion.

    On May 10, 2006, Plaintiff moved the court to alter the judgment in order to include

prejudgment interest at a rate of nine percent per annum and postjudgment interest at a rate of

four and nine-tenths percent.  (Pl.'s Mot. to Amend J. to Include Prejudgment and Postjudgment Interest [filed May 10, 2006].)  On May 30, 2006, Defendant responded to the motion.  (Resp. to Pl.'s Mot. to Amend J. to Include Prejudgment and Postjudgment Interest [filed May 30, 2006].) Plaintiff did not file a supportive reply.

On June 1, 2006, Plaintiff filed a motion for attorneys' fees and expenses, in which he asserts he is the prevailing party and requests that this court award him $148,165.50 in attorneys' fees and expenses.  (Pl.'s Application for Att'y's Fees and Expenses [filed June 1, 2006].)  On June 26, 2006, Defendant responded to Plaintiff's motion.  (Def.'s Resp. to Pl.'s Application for Att'y's Fees and Expenses [filed June 26, 2006].)  On July 11, 2006, Plaintiff filed a reply brief in support of his motion.  (Reply in Supp. of Pl.'s Application for Att'y's Fees and Expenses [filed July 11, 2006].)

On September 12, 2006, Plaintiff disclosed to the court that some of his deposition testimony was "factually inaccurate."  (Pl.'s Disclosure at 2 [filed Sept. 12, 2006] [hereinafter "Disclosure"].)  Although Plaintiff testified he had only been convicted of driving with a suspended license in 2000, in actuality, he been convicted of at least seven crimes in Oklahoma: (1) illegal distribution and unlawful delivery of controlled substances in 1990; (2) driving with a suspended license in or around 1992; (3) driving without a license in or around 1994; (4) resisting arrest and speeding in 1998; (5) fishing without landowner consent in 1999; (6) driving under the influence and driving with a suspended license in 2001; and (7) obtaining merchandise by means of a bogus check in 2001.  (Id.; Def.'s Mot. for Relief from J., Ex. 3 at 32–34 [Murray Dep.] [filed Oct. 3, 2006] [hereinafter "Def.'s Br."].)

On October 3, 2006, Defendant filed a motion for relief from judgment based on Plaintiff's failure to divulge his criminal history. (Def.'s Br.) Defendant notes that Plaintiff claimed to have only one criminal conviction both in his deposition testimony and on his employment application.[1] (*Id.* at 1–3.) Defendant notes further that Plaintiff testified about the employment application at length during trial in connection with his work performance and abilities. (*Id.*) Emphasizing the undisputed importance of witness credibility in this case, Defendant asserts that Plaintiff's misrepresentation of his criminal history irreparably tainted proceedings. (*Id.*) Defendant argues that given Plaintiff's misrepresentations and omissions, this court should vacate the judgment and impose sanctions on Plaintiff under Federal Rule of Civil Procedure 60(b). (*Id.* at 7–26.) Specifically, Defendant requests that the court: (1) vacate the judgment; (2) either dismiss Plaintiff's claim with prejudice or set a new trial for the case; and (3) award Defendant attorneys' fees and costs it incurred in connection with the trial and post-trial motions. (*Id.* at 7–8.) Alternatively, Defendant argues that the same relief is appropriate pursuant to either the court's inherent powers or Federal Rules of Civil Procedure 11, 26, 30, and 41(b). (*Id.* at 8.)

On October 5, 2006, the court held a status conference to discuss Plaintiff's disclosure and set a briefing schedule for Defendant's motion for relief from judgment. (Status Conf. Mins.

---

[1]Additionally, Defendant notes that Plaintiff was incarcerated from 1990 to 1993, but testified in his deposition and at trial that he was working for those years. (Def.'s Br. at 2.) It has since been clarified that Plaintiff was incarcerated for approximately four months in 1990, and then released on supervised parole, during which he was ostensibly able to work. (Pl.'s Resp. to Def.'s Mot. for Relief from J. and Supplemental Br., Ex. B [Rabon Aff.] [filed Nov. 6, 2006] [hereinafter "Pl.'s Resp."].) Further discussion of this evidence is not necessary, for this matter can be resolved by analyzing only the evidence of Plaintiff's criminal convictions.

[filed Oct. 5, 2006].)  On October 20, 2006, Defendant filed a supplemental brief in support of its

motion, arguing that Plaintiff's entire criminal record is admissible evidence.  (Def.'s 1st

Supplement.)  On October 30, 2006, Defendant filed a second supplemental brief in support of its

motion, consisting of an updated report of Plaintiff's criminal history.  (Mot. to Supplement

Def.'s Mot. for Relief from J. [filed Oct. 30, 2006] [hereinafter "Def.'s 2d Supplement"].)  On

November 6, 2006, Plaintiff responded to Defendant's motion.  (Pl.'s Resp.)  On January 4, 2007,

Plaintiff concurrently: (1) filed an unopposed motion to supplement his response to Defendant's

motion for relief from judgment; and (2) tendered his proposed supplemental brief.  (Unopposed

Mot. to Supplement Pl.'s Resp. to Def.'s Mot. for Relief from J. and Supplemental Br. [filed Jan.

4, 2007]; Supplement to Pl.'s Resp. to Def.'s Mot. for Relief from J. and Supplemental Br.

[tendered Jan. 4, 2007] [hereinafter "Pl.'s Supplement"].)  In his tendered brief, Plaintiff notes

that on January 3, 2007, the 2001 driving under the influence charge against him was dismissed

with prejudice and expunged from his record.  (Pl.'s Supplement.)

## ANALYSIS

### 1.    *Standard of Review*

Given the tenor of the instant case, the court need only address in detail Defendant's

October 3, 2006 motion for relief from judgment.  Further, Defendant's arguments under Federal

Rule of Civil Procedure 60(b) are sufficient to resolve this matter.  Rule 60(b) provides that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
> newly discovered evidence which by due diligence could not have been discovered
> in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has
been satisfied, released, or discharged . . .; (6) any other reason justifying relief
from the operation of the judgment.  The motion shall be made within a reasonable
time, and for reasons (1), (2), and (3) not more than one year after the judgment . .
. was entered or taken.

Fed. R. Civ. P. 60(b) (2006).  Relief under Rule 60 is, in general, "'extraordinary and may only be

granted in exceptional circumstances.'"  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir.

1999) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 [10th Cir. 1996].)  Still, "to prevent

[a] judgment from becoming a vehicle of injustice," Rule 60(b) "is to be construed liberally to do

substantial justice."  *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984)

(citations and internal quotation marks omitted).

**2.      *Evaluation of Claims***

**a.      *Preliminary Matter: Admissibility***

Before turning to the substantive analysis of Defendant's arguments under Rule 60(b), the

court addresses the preliminary matter of admissibility of the evidence in question.  The parties

spill much ink over whether the evidence of Plaintiff's criminal convictions is admissible.  (Def.'s

1st Supplement at 3–13; Pl.'s Resp. at 3–15.)  Defendant argues that Plaintiff's entire criminal

history is admissible.  (Def.'s 1st Supplement at 4–13.)  Plaintiff counters that all but one of his

convictions is inadmissible.  (Pl.'s Resp. at 8–15.)

At the outset, the court notes it is undisputed that evidence concerning Plaintiff's August

20, 2001 misdemeanor conviction for "willfully, knowingly, wrongfully, and with intent to cheat

and defraud" obtaining merchandise by means of a bogus check is admissible under Federal Rule

of Evidence 609.[2]  (Def.'s 1st Supplement at 10–13; Def.'s 2d Supplement, Ex. 5 at 2, 7–13

[Okla. Records]; Pl.'s Resp. at 8.)  As might be expected, the parties' only quibble involves the

effect of the evidence.  Defendant argues the evidence is extremely significant because of the

importance of credibility in the trial, while Plaintiff downplays the evidence and posits that if the

subject would have been broached at trial, he could have explained the circumstances so as to

avoid any taint on his credibility.  (Def.'s 1st Supplement at 3–4; Pl.'s Resp. at 8–9.)

As to the remaining convictions, Defendant argues they are all relevant and admissible to

impeach Plaintiff and to demonstrate Plaintiff's employment application contained prior

inconsistent statements.  (Def.'s 1st Supplement at 4–6.)  Plaintiff counters that the veracity of his

statements on the employment application is a collateral matter, about which extrinsic evidence is

inadmissible.  (Pl.'s Resp. at 14–15.)  Plaintiff argues further that the evidence is generally

inadmissible as impeachment evidence under Federal Rule of Evidence 609 because: (1) his felony

convictions — which, Plaintiff argues, do not include a 2001 deferred judgment for driving under

the influence — are more than ten years old; and (2) the other convictions are for misdemeanor

crimes.  (*Id.*)  Plaintiff argues that, because it is inadmissible, his failure to disclose the evidence of

his convictions (other than the bogus check conviction) is essentially irrelevant.  (*Id.*)  Neither

party's argument is fully convincing.

---

[2]Rule 609 provides that evidence that a witness has been convicted of a crime is admissible
to impeach the witness if the crime "involved dishonesty or a false statement."  Fed. R. Evid.
609(a)(2) (2006).

-9-

This court finds that it is certainly possible, and in fact seems rather probable, that the subject of Plaintiff's criminal history might arise in trial. But whether evidence of Plaintiff's convictions — other than the bogus check conviction — would be admissible depends entirely upon the situation in which the discussion thereabout arises and the direction in which such discussion goes. It is simply not a determination that can be made in a vacuum. As a matter of course, the evidence could be admitted if this court were to determine that the probative value outweighed its prejudicial effect. *See* Fed. R. Evid. 609 (2006). Further, pursuant to Rule 404, evidence of Plaintiff's convictions could be admissible to impeach Plaintiff if he were to testify that he did not commit them. *See United States v. Lara*, 956 F.2d 994, 997 (10th Cir. 1992) (holding that evidence of prosecution for other crimes used for impeachment purposes was permissible because "Rule 404[b] shields a defendant from unfair prejudice but it is not a license to give misleading or false testimony"). Regardless, whether the evidence concerning Plaintiff's other convictions is admissible is of questionable importance, as there is no dispute that evidence of Plaintiff's bogus check conviction is admissible. (Def.'s 1st Supplement at 3–4; Pl.'s Resp. at 8–9.) Accordingly, although the court recognizes that evidence of the other convictions is potentially admissible, the court considers only the bogus check conviction in analyzing Defendant's motion.

***b.    Rule 60(b)(2)***

First, Defendant argues that it is entitled to relief from judgment under Rule 60(b)(2)

because Plaintiff's criminal history constitutes newly discovered evidence.  (Def.'s Br. at 9–15.)

To satisfy Rule 60(b)(2), Defendant must show that: (1) the evidence was newly discovered since

the trial; (2) Defendant was diligent in discovering the evidence; (3) the evidence is not merely

cumulative or impeaching; (4) the evidence is material; and (5) admitting the evidence would

probably produce a different result in a new trial.  *Zurich N. Am. v. Matrix Serv.*, 426 F.3d 1281,

1290 (10th Cir. 2005).  There is no dispute that the first factor is satisfied.  (Pl.'s Resp. at 16–19.)

The court analyzes the remaining factors *seriatim*.

Pursuant to the second factor listed above, if the purported newly discovered evidence

"was available or by the use of reasonable diligence could have been available at trial to the party

seeking a new trial, that evidence cannot support an order for a new trial."[3]  *Ope Shipping v.

Underwriters at Lloyds*, 100 F.R.D. 428, 432 (S.D.N.Y. 1983) (citation omitted).  Plaintiff asserts

that Defendant failed "to exercise any diligence whatsoever" to discover his criminal background.

(Pl.'s Resp. at 17.)  Plaintiff's argument is disingenuous.  As Defendant notes, it obtained

discovery in the form of Plaintiff's employment application, in which Plaintiff: (1) represented that

he had been convicted of one crime; and (2) executed an affirmation "certify[ing] that all

_____

[3]Significantly, even where proper diligence would have led the moving party to discover
the purported "newly discovered evidence," a new trial may be ordered "to prevent a grave
miscarriage," but only where the evidence "is practically conclusive."  *Ope Shipping*, 100 F.R.D.
at 432 (citations omitted).  For reasons that are altogether apparent, the parties do not explore
this narrow exception.  (Def.'s Br.; Pl.'s Resp.)

information [] provided . . . is true, complete, and correct." (Def.'s Br. at 11, Ex. 2 at 2

[Employment Application].) Further, Defendant specifically questioned Plaintiff about the

employment application and his criminal history in his deposition:

> Q:   You have only been convicted of one crime, and that crime is driving under
>      a suspended license; is that right?
> A:   Yeah.

(Id. at 11, Ex. 3 at 33 [Murray Dep.].) Obtaining two identical sworn statements from Plaintiff as

to his criminal history simply cannot be characterized as a failure to act with reasonable diligence.

While Defendant would have been wise to perform a criminal background check, Defendant was

not obligated by law or circumstance to do so. Indeed, given Plaintiff's sworn statements,

Defendant's failure to run a background check seems imprudent, but not entirely unreasonable.

Accordingly, this court does not find a lack of diligence in Defendant's attempts to obtain the

information concerning Plaintiff's criminal history.

The third factor weighs less in Defendant's favor. Defendant asserts that evidence of

Plaintiff's criminal history is not merely cumulative or impeachment evidence because the "jury's

credibility determinations were the central component to the outcome of the trial." (Def.'s Br. at

11–12.) In support of its contention, Defendant cites *Rosebud Sioux Tribe v. A & P Steel, Inc.*,

733 F.2d 509, 515 (8th Cir. 1984) and *Berry v. Department of Corrections*, No. 93 Civ. 6448

BSJ, 2004 WL 287666 (S.D.N.Y. Feb. 11, 2004). (*Id.* at 12–14.) Neither is apposite or

convincing in the instant case.

In the unpublished, non-binding *Berry*, the department of corrections prevailed over a *pro*

*se* prisoner who claimed he had been beaten excessively because "there was no credible evidence

that any officer used excessive force."  2004 WL 287666, at *4 (citation and internal quotation

marks omitted).  The newly discovered evidence in that case included just such evidence in the

form of eye-witness accounts, one officer's "use of force" reports, and another officer's sworn

statement that violence against inmates was ingrained in the department's culture.  *Id.*, at *4–5.

*Rosebud* is similarly unavailing.  In that case, which concerned conspiracy and fraud, the newly

discovered evidence in question consisted of a principal witness's grand jury testimony that "flatly

contradict[ed]" the witness's prior testimony in trial.  733 F.2d at 516.  More specifically, after

testifying at trial that he had not taken part in any conspiracy or fraud, the witness testified before

a grand jury that he had "accepted payoffs" and had been asked to lie during his deposition.  *Id.* at

514, 516.  What renders these cases distinguishable from the one at bar is that the newly

discovered evidence directly spoke to the subject matter of the complaints themselves, and in

doing so "shed[] an entirely different light on the [other] evidence and len[t] greater weight to the

[plaintiffs'] allegations."  *Id.*  In the instant case, the evidence in question simply does not play

such a role.  Here, the evidence does not speak to the gravamen of Plaintiff's allegations of

harassment, but to their believability.  Indeed, by its own admission, Defendant "would have used

the evidence at trial to prove that Plaintiff lied on his [employment] [a]pplication . . . and to attack

his credibility."  (Def.'s Br. at 11–12.)  Consequently, this court finds that the evidence in

question is insufficient to satisfy the third factor.

 Concerning the fourth factor, "material" evidence is "[o]f such a nature that knowledge

[thereof] would affect a person's decision-making process."  BLACK'S LAW DICTIONARY 991 (7th

ed. 1999).  This court finds Defendant's argument that the evidence would have been "material to

the jury's credibility assessment of Plaintiff" convincing.  (Def.'s Br. at 14.)  Plaintiff argues that

the evidence "would have been unlikely to cause the jury to disbelieve [Plaintiff]" simply ignores

the nature of materiality.  (Pl.'s Resp. at 18.)  It is unthinkable that evidence of a witness's prior

dishonesty would not affect one's decision concerning the witness's testimony and claims.  Stated

more simply, a witness's credibility is always material.  The evidence at issue is clearly material

and satisfies the fourth Rule 60(b)(2) factor.

As to the final factor, Defendant argues that "because credibility determinations were so

unusually central to the outcome of the trial," evidence of Plaintiff's untruthfulness probably

would have produced a different outcome.  (Def.'s Br. at 14.)  Plaintiff counters with a bald

assertion that, in light of all the evidence in the case, evidence of Plaintiff's untruthfulness would

not have affected the outcome.  (Pl.'s Resp. at 18.)  This court is not so convinced.  In analyzing

the fifth factor courts look to "probability" over "certainty."  *Graham v. Wyeth Labs.*, 906 F.2d

1399, 1418 (10th Cir. 1990).  Given that the evidence tends to undercut Plaintiff's credibility,

which was a pivotal issue in the case, this court finds there is a reasonable probability that the

outcome of the case would be different.  Here, although most of the Rule 60(b)(2) factors weigh

in favor of Defendant, this court cannot ignore the one that does not.  Given the facts of this case,

granting Defendant's Rule 60(b)(2) motion would be an abuse of this court's discretion.  As the

court will discuss in further detail below, a new trial is appropriate in this circumstance, but not

pursuant to Rule 60(b)(2).

*c.*      ***Rule 60(b)(3)***

Defendant also argues that relief from judgment in this case is proper under Rule 60(b)(3).

(Def.'s Br. at 15–24.)  Rule 60(b)(3) provides for relief from a final judgment based on fraud,

misrepresentation, or other misconduct by an adverse party and "'is aimed at judgments which

were unfairly obtained, not at those which are factually incorrect.'"  *Zurich*, 426 F.3d at 1290

(quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 [5th Cir. 1978]).  To satisfy Rule

60(b)(3), Defendant must first provide clear and convincing evidence to substantiate the claim of

Plaintiff's fraud, misconduct, or misrepresentation.  Fed. R. Civ. P. 60(b)(3) (2006); *Yapp*, 186

F.3d at 1231.  In the Tenth Circuit, the first prong requires Defendant to establish that Plaintiff

acted with "'an intent to deceive or defraud the court,'" by means of a "'deliberately planned and

carefully executed scheme.'"  *Yapp*, 186 F.3d at 1231 (quoting *Robinson v. Audi*

*Aktiengesellschaft*, 56 F.3d 1259, 1267 [10th Cir. 1995]).[4]  Further, Defendant must demonstrate

that Plaintiff's actions substantially interfered with Defendant's ability to prepare for and proceed

at trial fully and fairly.  *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985,

993 (10th Cir. 1999).

Evidently recognizing the higher standard the Tenth Circuit imposes, Defendant asserts

that Plaintiff's statement he had only been convicted of one crime and concealment of his criminal

_____

[4]Other circuits have applied a lesser standard to prove misconduct under Rule 60(b)(3).
*Anderson v. Cryovac, Inc.*, 862 F.2d 910, 923 (1st Cir. 1988) (holding "misconduct" under Rule
60[b][3] does not require proof of intent to deceive).  Regardless, this court is bound by Tenth
Circuit precedent unless and until it is overruled by the Tenth Circuit *en banc* or superseded by a
contrary Supreme Court decision.  *See United States v. Spedalieri*, 910 F.2d 707, 709 n.2 (10th
Cir. 1990).

record sufficiently evince his intent to "deceive or defraud both [Defendant] and the [c]ourt by means of a deliberately planned and carefully executed scheme." (Def.'s Br. at 23.) Defendant's conclusory statements are insufficient to support its claim. *Zurich*, 426 F.3d at 1292–93. Accordingly, Defendant is not entitled to the relief he seeks under Rule 60(b)(3).

### d.    *Rule 60(b)(6)*

Finally, Defendant moves this court to vacate judgment under Rule 60(b)(6), the catch-all provision. (Def.'s Br. at 24–26.) Plaintiff counters that such relief is inappropriate because Defendant has merely rehashed its Rule 60(b)(2) and 60(b)(3) arguments under the aegis of Rule 60(b)(6). (Pl.'s Resp. at 21–22.) Plaintiff is correct in part. It is true that the categories for relied under Rule 60(b) are "mutually exclusive." *Zurich*, 426 F.3d at 1293. "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses." *Id.* (citation and internal quotation marks omitted). Indeed, "[p]arties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial." *Id.* Although Plaintiff accurately describes the law, he mischaracterizes Defendant's argument. Defendant argues that the court should grant it relief under Rule 60(b)(6) because: (1) Plaintiff "unfairly" obtained a favorable judgment by "intentionally withholding material evidence;" and (2) it is not in the interests of justice to allow the judgment to stand. (Def.'s Br. at 24–25.)

This court finds Defendant's arguments convincing. Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." *Cashner*, 98 F.3d at 579 (citing *Pierce v. Cook & Co.*, 518 F.2d 720, 722 [10th Cir. 1975]). Further, relief under Rule

60(b)(6) is available "'when it offends justice to deny such relief.'"  *Yapp*, 186 F.3d at 1232

(quoting *Cashner*, 98 F.3d at 580).  Given the importance of credibility in this case, there can be

no question that objective evidence speaking directly to Plaintiff's honesty should have been

before the jury.  This court fully accepts Defendant's argument that evidence of Plaintiff's crimes

concerning dishonesty would have changed the tenor and procedure of trial.  (Def.'s Br. at 7, 19.)

In short, Plaintiff's omission unfairly hindered Defendant from being able to develop and mount

its defense.  To allow the judgment to stand offends justice and strikes this court as unequivocally

inequitable.  In this case, application of the maxim *lex respicit aequitatem* is wholly appropriate.

Consequently, Defendant's motion to vacate the judgment pursuant to Rule 60(b)(6) is granted.

> **e.**   ***Sanctions***

In addition to vacating the judgment, Defendant argues that this court should: (1) dismiss

Plaintiff's motion with prejudice; or (2) "at a minimum," grant a new trial.  (*Id.* at 28.)  Defendant

points the court to factors promulgated by the Tenth Circuit to consider in imposing sanctions for

failure to provide or permit discovery.  (*Id.* at 29–36.)  To wit:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference
> with the judicial process; (3) the culpability of the litigant; (4) whether the court
> warned the party in advance that dismissal of the action would be a likely
> sanction . . . ; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations and internal quotation

marks omitted).  First, the court notes that these factors are of questionable applicability, because

they arise in the context of dismissing a complaint as a sanction under Federal Rule of Civil

Procedure 37(b)(2)(C).  *See Ehrenhaus*, 965 F.2d at 920; Fed. R. Civ. P. 37(b)(2)(C) (2006).

Even so, "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Ehrenhaus*, 965 F.2d at 920 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 [10th Cir. 1988]).  Here, Plaintiff's misrepresentations and omissions assuredly prejudiced Defendant and interfered with the judicial process to some degree, but a lesser sanction is effective to resolve the matter.  A new trial of the case would provide Defendant the opportunity to utilize the evidence at issue while preserving Plaintiff's opportunity to have his case resolved on the merits.

Finally, Defendant argues that the court should award its attorneys' fees and costs incurred in connection with the trial and post-trial motions.  (Def.'s Br. at 28.)  In making this request, Defendant wholly ignores Colorado Local Civil Rule 54.3A, which requires that "[u]nless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits."  D.C. Colo. L. Civ. R. 54.3A (2006).  Defendant has furnished no such support, and this court has not issued an order allowing for any such omission.  Further, Defendant has requested an award of the "fees and costs it incurred in the first trial and post trial motions." (Def.'s Br. at 28.)  This amorphous request is a direct violation of Local Rule 54.3B, which, in relevant part, requires submission of "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed."  D.C. Colo. L. Civ. R. 54.3B (2006).  Beyond the rules, it is rather surprising that Defendant would move the court for relief without: (1) specifying the relief sought; or (2) presenting some means by which to adjudge the reasonableness of said relief.  Accordingly, Defendant's request for fees and costs is denied.

*3.*     *Conclusion*

Based on the foregoing it is therefore ORDERED that:

1.  Defendant's motion for extension of the stay of execution of judgment (# 105) is GRANTED.

2.  Defendant's motion for a new trial (# 106) is DENIED as moot.

3.  Defendant's renewed motion for judgment as a matter of law (# 107) is DENIED as moot.

4.  Plaintiff's Motion to include prejudgment and postjudgment interest in the judgment (# 110) is DENIED as premature.

5.  Plaintiff's motion for attorney's fees and expenses (# 122) is DENIED as premature.

6.  Defendant's motion for relief from judgment (# 141) is GRANTED in part and DENIED in part.  The motion is GRANTED as it arises under Federal Rule of Civil Procedure 60(b)(6) and DENIED on all other grounds.  The motion to grant a new trial of the claim is GRANTED.  The motion to dismiss Plaintiff's claim with prejudice is DENIED.  The motion for attorneys' fees and costs for trial and post-trial motions is DENIED, except to the extent provided below.

7.  Plaintiff's unopposed motion to supplement her response to Defendant's motion for relief from judgment (# 148) is GRANTED.

8.  Defendant may have its costs incurred in connection with the motion for relief from judgment (# 141) by filing a bill of costs within eleven days of the date of this order.

-19-

9.  The parties shall appear before this court for a status conference on **Friday, March 9,**

**2007, at 9:30 o'clock a.m**

Dated this 2nd day of February, 2007

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge