IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01456–EWN–CBS

STEVE MURRAY,

    Plaintiff,

v.

CARS COLLISION CENTER OF COLORADO, LLC,
an Illinois limited liability company,

    Defendant.

---

## ORDER AND MEMORANDUM OF DECISION

---

This is an employment discrimination case. Plaintiff Steve Murray asserts that his former employer, Defendant Cars Collision Center of Colorado, LLC, discriminated against him by maintaining a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e *et seq.* (West 2007), and 42 U.S.C.A. § 1981 (West 2007) ("section 1981"). This matter is before the court on "Defendant's Motion to Reconsider Award of Attorneys' Fees and Expenses," filed March 8, 2007. Jurisdiction is premised upon the existence of a federal question, pursuant to 28 U.S.C.A. § 1331 (West 2007).

The facts of this case are set forth in detail in the court's February 23, 2006 Order and Memorandum of Decision granting Defendant's motion for partial summary judgment. (Order

and Mem. of Decision [filed Feb. 23, 2006] [hereinafter "2006 Order"].)  Familiarity therewith is therefore assumed.  On July 15, 2004, Plaintiff filed a complaint in this court, alleging three claims for relief: (1) racial discrimination under Title VII and section 1981 in the form of Defendant's maintenance of a hostile work environment, demotion of Plaintiff, complaints about Plaintiff's work performance, and termination of Plaintiff's employment; (2) retaliation under Title VII and section 1981 in the form of Defendant's demotion of Plaintiff, complaints about Plaintiff's work performance, and termination of Plaintiff's employment; and (3) breach of implied contract or promissory estoppel in the form of Defendant's termination of Plaintiff's employment.  (Compl. [filed July 15, 2004].)  On March 15, 2005, Defendant moved for summary judgment on all of Plaintiff's claims except the hostile work environment claim.  (Def.'s Mot. for Partial Summ. J. [filed Mar. 15, 2005].)  On February 23, 2006, this court granted Defendant's motion for partial summary judgment.  (2006 Order.)

Thereafter, Plaintiff tried his remaining hostile work environment claim to a jury and prevailed.  On April 20, 2006, after a four-day trial, the jury awarded him $250,000 in compensatory damages and $1,500,000 in punitive damages.  (Final J. at 1–2 [filed Apr. 27, 2006].)  On May 5, 2006, Defendant filed motions: (1) for a new trial or, alternatively, to alter or amend judgment; (2) for judgment as a matter of law; and (3) to extend the automatic stay of execution of judgment.  (Def.'s Mot. for New Trial, or in the Alternative, Mot. to Alter or Amend J. [filed May 5, 2006]; Def.'s Renewed Mot. for J. as a Matter of Law [filed May 5, 2006]; Def.'s Mot. to Extend Stay under Rule 62[b] [filed May 5, 2006].)  On May 10, 2006, Plaintiff moved the court to alter the judgment in order to include prejudgment and postjudgment interest.  (Pl.'s

Mot. to Amend J. to Include Prejudgment and Postjudgment Interest [filed May 10, 2006].)  On June 1, 2006, Plaintiff filed a motion for attorney fees and expenses.  (Pl.'s Application for Att'y's Fees and Expenses [filed June 1, 2006].)

On September 12, 2006, Plaintiff disclosed to the court that some of his deposition testimony was "factually inaccurate."  (Pl.'s Disclosure at 2 [filed Sept. 12, 2006].)  Plaintiff admitted he been convicted of at least seven crimes in Oklahoma, despite his prior sworn testimony that he had only been convicted of one.  (*Id.*; Def.'s Mot. for Relief from J., Ex. 3 at 32–34 [Murray Dep.] [filed Oct. 3, 2006] [hereinafter "Mot. for Relief"].)  On October 3, 2006, based on Plaintiff's failure to divulge his criminal history, Defendant filed a motion for relief from judgment.  (Mot. for Relief.)  Defendant underscored the importance of witness credibility in this case and moved the court to: (1) vacate the judgment; (2) either dismiss Plaintiff's claim with prejudice or set a new trial for the case; and (3) award Defendant attorney fees and costs it incurred in connection with the trial and post-trial motions.  (*Id.* at 7–8.)

On February 2, 2007, the court issued an order in which it: (1) granted Defendant's motion for an extension of the stay of execution of judgment; (2) denied as moot Defendant's motion for a new trial and renewed motion for judgment as a matter of law; (3) denied as premature Plaintiff's motions for attorney fees and expenses, prejudgment interest, and postjudgment interest; and (4) granted Defendant's motion for relief from judgment in part — ordering a new trial of Plaintiff's claim pursuant to Federal Rule of Civil Procedure 60(b)(6) — and denied the motion in all other aspects, including Defendant's request for attorney fees. (Order at 19 [filed Feb. 2, 2007] [hereinafter "Order"].)

On March 8, 2007, Defendant filed the motion presently before the court, asking the court to reconsider its denial of attorney fees. (Def.'s Mot. to Reconsider Award of Att'ys' Fees and Expenses [filed Mar. 8, 2007] [hereinafter "Def.'s Mot."].) Defendant asserts that the court denied its request for attorney fees "because affidavits supporting the fee request were not submitted in conjunction with" its motion for relief from judgment. (*Id* at 2.) Defendant then explains it did not submit any affidavits with that motion because it believed the issue of attorney fees would require a separate motion and further briefing. (*Id.* at 3.) Finally, Defendant asks the court to view its initial denial of the fees motion as a denial without prejudice and to consider the fees motion and supportive submissions now before the court.[1] (*Id.* at 4.) On April 3, 2007, Plaintiff responded to the motion. (Pl.'s Resp. to Def.'s Mot. to Reconsider Att'ys' Fees and Expenses [filed Apr. 3, 2007] [hereinafter "Pl.'s Resp."].) On April 11, 2007, Defendant filed a reply in support of its motion. (CCC's [sic] Reply to Pls.' [sic] Resp. to Def.'s Mot to Reconsider Award of Att'ys' Fees and Expenses [filed Apr. 11, 2007].)

Evidently ignoring the court's order that Plaintiff's motion for attorney fees be denied as premature, Defendant insists that its motion was denied only for its failure to comply with Colorado Local Civil Rule 54. (*See* Order at 19; Def.'s Mot. at 2.) To Defendant's credit, this assertion is partly correct. As the court noted in its prior order, Defendant ignored both prongs of the rule by failing to: (1) submit supportive affidavits; and (2) provide a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed. *See*

---

[1]Ostensibly as part of its efforts to comply with Local Civil Rule 54.3, Defendant has attached counsel's bills and affidavits to its motion. (Def.'s Mot.)

-4-

D.C.COLO.LCivR 54.3 (2006).  Indeed, the court found it surprising that Defendant would move the court to grant relief without: "(1) specifying the relief sought; or (2) presenting some means by which to adjudge the reasonableness of said relief."  (Order at 18.)  Nevertheless, Defendant's compliance with the procedural rules in the motion at issue cannot remedy the problem of the motion's prematurity.

This court may, at its discretion, order attorney fees to be paid to the prevailing party in a Title VII or section 1981 case.  *See* 42 U.S.C.A. §§ 1988(b), 2000e–5(k) (West 2007).  Further, Federal Rule of Civil Procedure 54 provides that costs "shall be allowed as of course to the prevailing party" unless the court directs otherwise.  Fed. R. Civ. P. 54(d)(1) (2007).  In the Tenth Circuit, "the litigant who is the prevailing party for purposes of attorney[] fees is also the prevailing party for purposes of costs."  *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001).  As is particularly relevant here, "usually the litigant in whose favor judgment is rendered is the prevailing party."  *Id*.  As things stand in the instant case, no judgment has been entered and neither party has prevailed on Plaintiff's claim.  Accordingly, an award of attorney fees is not yet appropriate.

Based on the foregoing it is therefore ORDERED that:

1. Defendant's motion to reconsider (# 166) is DENIED.

Dated this 13th day of June, 2007

               BY THE COURT:

               <u>s/ Edward W. Nottingham</u>
               EDWARD W. NOTTINGHAM
               United States District Judge